IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 14-cv-00343-LTB

MICHELLE L. KRUEGER,

    Plaintiff,

v.

SCOT KISSINGER, IDEAL HOME LOANS, LLC,
BRENT IVINSON, SCOTT WEIBEL, ROBERT
KNISELY, GREGORY BOSLER and JAMES FRANK,

    Defendants.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

This matter comes before me on Plaintiff's Objection to Removal to Federal Court and Motion to Remand Case to the Arapahoe County District Court **[Doc. # 21]**. Defendants filed a response (Doc. # 29), to which Plaintiff replied (Doc. # 30). This motion has been fully briefed and oral argument would not materially aid in its resolution. For the reasons stated below, I grant Plaintiff's motion.

**I. BACKGROUND**

Plaintiff initially filed this case in Arapahoe County District Court on October 22, 2013 (Doc. # 1 ex. 2), and filed an Amended Complaint on November 8, 2013 (*Id.* at ex. 6). Plaintiff's claims arise out of alleged "unwelcome sexual advances . . . including lewd comments and physical contact." [*Id.* at 2]. After Defendants' Motion for Extension of Time to Respond to

Complaint (*id.* at ex. 14) was granted (*id.* at ex. 16), Defendants filed a Motion to Dismiss on January 9, 2014 (*id*. at ex. 25). Plaintiff responded on January 30, 2014 (*id*. at ex. 27). Defendants then moved for removal to this court and replied on February 6, 2014 (Doc. # 1).

## II. LAW

For a case to be removable from state court, the federal court must have jurisdiction. *See* 28 U.S.C. § 1441 (generally identifying removable actions). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

A state court defendant is required to file a notice of removal within thirty days after receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.*

The thirty day clock begins to run only after a state court defendant has "clear and unequivocal notice" that the action is removable. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030,

1036 (10th Cir. 1998); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) ("If [§ 1446(b)] is going to run, the notice ought to be unequivocal") (internal quotation and citation omitted). "[T]he plain purpose of the rule is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) (citations omitted). A removing party is not obligated to "investigate and determine removability where the initial pleading indicates that the right to remove *may* exist." *Akin*, 156 F.3d at 1036 (emphasis in original).

### III.  DISCUSSION

Plaintiff contends that this lawsuit should be remanded to state court because Defendants' removal was untimely. Specifically, Plaintiff argues that: (1) Plaintiff's Amended Complaint was sufficient to "inform Defendants that federal claims were being asserted against them" (Doc. # 21, 3); (2) pre-suit correspondence from both Parties also provided adequate notice to Defendants; and (3) as a result, Defendants' removal to federal court long after the filing of Plaintiff's Amended Complaint was untimely. Plaintiff points to both her Amended Complaint and several pre-complaint documents, including a Statement of Discrimination Plaintiff filed with the Colorado Civil Rights Division and attorney correspondence from Defendants, to support her contention that Defendants had prior notice that this case was removable. [*See* Doc. # 21].

Defendants contend that neither Plaintiff's Complaint, filed October 22, 2013 (Doc. # 1 ex. 2), nor Plaintiff's Amended Complaint, filed November 8, 2013 (*Id.* at ex. 6), gave any

indication that this lawsuit was removable. Instead, they contend that the removable nature of the lawsuit was not revealed until Plaintiff responded to Defendants' motion to dismiss on January 30, 2014 (*id.* at ex. 27), in which Plaintiff, for example, provided that Plaintiff's Amended Complaint "sets forth a number of claims against the Defendants. Claims Eleven, Twelve, and Thirteen present statutory causes of action under 42 U.S.C. § 2000e-2 *et seq* and C.R.S. § 24-34-401 *et seq*." [Doc. # 1 ex. 27, 3]. Defendants argue that because they filed their Notice of Removal within thirty days of Plaintiff's Response to Defendants' Motion to Dismiss, such removal was timely under § 1446(b). Additionally, Defendants contend that pre-complaint "other paper" is not sufficient to put Defendants on notice that this case was removable.

As relevant here, 28 U.S.C. § 1446(b) requires that for removal to be proper a case be "one which is or has become removable," not a case that most likely will be removable. *See Akin*, 156 F.3d at 1036 (rejecting a duty to investigate and determine removability when "the right to remove may exist" and instead requiring "clear and unequivocal notice"); *see generally DeBry*, 601 F.2d at 480. The thirty day time limitation is mandatory and strictly construed. *See McCain v. Cahoj*, 794 F. Supp. 1061, 1062 (D. Kan. 1992). The question of whether, and when, the thirty-day period has run is easily and "objectively" computed once "day one" is known. However, as is the issue here, the question of when the thirty day period begins, i.e., what date is "day one," can be more difficult to answer. To determine at what point in time a defendant should have been able to ascertain the asserted removability of the case, a court must look at the facts of the particular case. *See Zatarain v. WDSU–TV, Inc.*, No. 93-526, 1993 WL 98681 at *2 (E.D. La. March 26, 1993) (unpublished minute entry) ("The facts disclosed must be sufficient to put [the] defendant on notice that the case falls within federal jurisdiction and the removal period

runs from the time [the] defendant first acquires such notice.").

The basis for Defendants' removal is federal question jurisdiction – that Plaintiff is alleging claims which arise under the laws of the United States. Specifically, Plaintiff's alleges her claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*. Whether Plaintiff's lawsuit does indeed arise under federal law is a question of subject matter jurisdiction into which I do not delve. Rather, whether the Plaintiff's response to Defendants' motion to dismiss was the first indication that Plaintiff was alleging claims arising under federal law is the question which I must answer. *See, e.g., Golden Apple Mgmt. Co., Inc. v. GEAC Computers, Inc*., 990 F. Supp. 1364, 1366 (M.D. Ala. 1998) ("The issue in this action [is] whether Geac can be charged with knowledge of removability of the action prior to receipt of plaintiff's response to the request for admission.").

While I do not want to encourage the filing of unripe or premature removals, or require defendants to "'guess' as to an action['s] removability," *Richstone v. Chubb Colonial Life Ins*., 988 F. Supp. 401, 403 (S.D. N.Y. 1997) (internal quotations omitted) *(quoting Rowe v. Marder*, 750 F.Supp. 718, 721 (W.D. Pa.1990) (citations omitted in *Richstone*), *aff'd*, 935 F.2d 1282 (3d Cir. 1991)), however, by the November 8, 2013 filing of Plaintiff's Amended Complaint, notice in this case was ripe.

It is clear from the beginning of Plaintiff's lawsuit, and prior correspondence between the Parties, that Plaintiff's allegations involved claims arising under federal law. The first indication that this case concerned Title VII claims of sexual harassment is the basis of the Complaint, i.e., the employment relationship between Plaintiff and Defendants, during which Plaintiff worked

with and/or for Defendants. According to the Amended Complaint, Plaintiff reported the alleged harassing conduct to several of the Defendants. [Doc. # 1 ex. 6, ¶¶ 12-37]. Plaintiff alleges that while Defendants were aware of the alleged harassment, no further investigation, disciplinary, or corrective actions were taken by Defendants to remedy the situation. [*Id.*] Additionally, Plaintiff contends that she was terminated in retaliation for her reports of the alleged harassing behavior. [*Id.*]

The next indication that Plaintiff was asserting claims arising under federal law occurred on May 18, 2012, when Plaintiff filed a discrimination charge with the Colorado Civil Rights Division ("CCRD"). [Doc. # 21 ex. 2]. In her Statement of Discrimination to the CCRD, Plaintiff discussed alleged "gender discrimination," "sexual harassment," and "unwelcome sexual flirtations, lewd and sexually suggestive comments, unwelcomed sexual advances, propositions and contact." [*Id*. at 2]. Plaintiff also alleged that she had reported the behavior to several of the Defendants, all of whom failed to remedy the situation, and alleged that subsequent to these reports her supervisor retaliated against her, resulting in her eventual termination. [*Id.*] In her Statement, Plaintiff specifically provided that she "believe[s] the Company has violated Title VII of the Civil Rights Act of 1964 and Colo. Rev. Stat. § 24-34-401 *et. seq.* by creating a hostile work environment and unlawfully retaliation against me for alleging sexual harassment and discrimination that occurred in the work place." [*Id.* at 3].

In fact, prior to the filing of Plaintiff's Complaint, it was Defendants who, in corresponding with Plaintiff and the CCRD, contended that they believed that Plaintiff was not entitled to recovery under Title VII. On July 16, 2012, in response to Plaintiff's charge filed with the CCRD, Defendants' counsel filed a "Position Statement" with the CCRD. [*See* Doc. #

21 ex. 3]. In making these arguments, Defendants' Position Statement provided that they believed "an expensive factual inquiry is unwarranted [because] Title VII remedies are limited to equitable relief, [that Plaintiff] is not eligible for any damages[,] cannot maintain a claim under Title VII [,] and [that] any claim under Title VII would be subject to judgment as a matter of law." [*Id.* at 2]. In making these arguments Defendants cited to federal case law. Additionally, on March 29, 2013, after the CCRD requested additional information from Defendants, Defendants again cited federal case law to emphasize that "there can be no remedy afforded [Plaintiff and because] Title VII remedies are limited . . . [Defendants] request that th[e] matter be dismissed." [Doc. # 21 ex. 4, 2].

The case as it unfolded provided further notice. As Plaintiff indicated in her Amended Complaint, she had filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 29, 2012, and received a Notice of Right to Sue from the EEOC on July 26, 2013. [*See* Doc. # 1, ex. 6, 2]. Plaintiff's Amended Complaint provided another indication that Plaintiff was asserting claims arising under federal law. In Plaintiff's Amended Complaint, when discussing the Parties, Plaintiff provided that "Defendant Ideal is an employer within the meaning of Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e(b)." [Doc. # 1 ex. 6, ¶ 14]. Additionally, in Counts Eleven, Twelve and Thirteen of the Amended Complaint, Plaintiff alleges claims of "Sex Discrimination/Sex Harassment," "Hostile Work Environment," and "Retaliation." [*Id.* at ¶¶ 87-108]. Plaintiff contends that these claims "track the language of Title VII." [*See* Doc. # 21, p. 3]. Specifically, Count Eleven provides that Defendant Kissinger repeatedly made "lewd" comments towards Plaintiff, repeatedly groped Plaintiff, that this conduct was unwelcome and offensive, that this conduct was directed toward Plaintiff as a result

of her sex, that this conduct was severe and created a hostile work environment, and that Defendants were notified of the alleged conduct and failed to respond. [Doc. # 1 ex. 6, ¶¶ 87-93]. Count Twelve provides that, as a female, the alleged harassment was based upon Plaintiff's gender, was repetitive in nature, was severe and pervasive, and as a result altered Plaintiff's employment conditions. [*Id.* at ¶¶ 94-99]. Count Thirteen alleges that as a result of Plaintiff's opposition to the alleged sexual harassment, Plaintiff was retaliated against, ultimately resulting in her termination. [*Id.* at ¶¶ 100-08].

Defendants claim, however, that the Amended Complaint did not provide notice of removability because it is too vague to allow Defendants to "clearly ascertain" that Plaintiff had claims arising under federal law. [Doc. # 29, 3-8]. Defendants also contend that pre-suit correspondence is not relevant in determining whether Defendants had the requisite knowledge that this case was removable. [*Id.* at 8-13]. However, it is clear from the early, mostly pre-Amended Complaint correspondence, that Defendants realized that Plaintiff was making claims under Title VII. On May 18, 2012, Plaintiff filed a Statement of Discrimination with the CCRD, not only providing the alleged facts, but also specifically stating that the claim arose under Title VII. [Doc. # 21 ex. 2, 4]. In Defendants' two Position Statements specifically discuss Plaintiff's claims in the context of Title VII, including her potential remedies under the law. [Doc. # 21 ex. 3 & ex. 4]. In the pre-Amended Complaint documents and correspondence it is clear that all involved understood that Plaintiff's as yet unfiled claims concerned to some extent sexual harassment under Title VII. Additionally, the Amended Complaint provided that one of the Defendants was an employer under Title VII, that Plaintiff had exhausted her administrative remedies with the EEOC, and outlined Title VII claims in Counts Eleven, Twelve, and Thirteen.

[*See* Doc. # 1 ex. 6]. All of this makes it clear that the necessary facts to support Defendants' removal petition were easily ascertainable *before* Plaintiff's January 30, 2014 response to Defendants' motion to dismiss. Plaintiff's response does nothing more than to reiterate what the Parties already understood Plaintiff was claiming.

Therefore, although Defendants contend that the first unveiling of Plaintiff's Title VII claims were in Plaintiff's response to Defendants' motion to dismiss, a review of the correspondence, pleadings, and context of the lawsuit demonstrates that Plaintiff's response was merely a restatement of what was already obvious. As a result, Plaintiff's response was not the trigger of the removal statute. Having found that Plaintiff's response was not the first point in time at which Defendants could have "intelligently ascertained" the removability of this lawsuit, the question then is at what point was it first sufficiently ascertainable. *See Richstone*, 988 F.Supp. at 403.

The first evidence of this lawsuit's removability, as construed by Defendants, is the pre-Amended Complaint Statement of Discrimination Plaintiff filed with the CCRD. There is also pre-Amended Complaint correspondence from Defendants. Both are considered "other paper" as the phrase is used in 28 U.S.C. § 1446(b). *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) ("other paper" is a broad term, and includes any relevant information received by Defendants); *see also Golden Apple Mgmt. Co.*, 990 F. Supp. at 1367; *Rowe*, 750 F. Supp. at 720 (It is not what the document is that is relevant, but what the document says and whether it includes information from which Defendants should have ascertained that removability was possible).

As Defendants correctly contend, notwithstanding the broad meaning of the term "other paper," under the plain language of § 1446(b), pre-Complaint documents do not constitute "other paper" because they were issued before the Complaint was filed. *See* 28 U.S.C. § 1446(b); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir.1992). However, the pre-Amended Complaint documents in this lawsuit do provide a context for reading the Amended Complaint – a context Defendants cannot now ignore. The documents received by Defendants before Plaintiff's response to Defendants' motion to dismiss was filed on January 30, 2014 sufficiently appraised Defendants of the grounds for removal. No magic language was needed. I find that in the context of all the relevant facts in this case, Defendants should have intelligently ascertained that Plaintiff was making claims under Title VII no later than the filing of Plaintiff's Amended Complaint. *See* 28 U.S.C. § 1446(b). Thus, I find that Defendants' receipt of the Amended Complaint started the § 1446(b) clock.

Because Defendants' statutory period was triggered no later than the date of Defendants' receipt of Plaintiff's Amended Complaint on November 8, 2013, a removal notice filed thirty days after the filing of Plaintiff's Amended Complaint, i.e., after December 2013, would be untimely. *See* 28 U.S.C. § 1446(b). Defendants' Notice of Removal was filed February 6, 2014; therefore, it was filed approximately two months late, and remand is appropriate. *See First Nat'l Bank & Trust Co. v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991) (holding that the failure to file a timely notice of removal is a procedural defect requiring remand); *see also Zatarain*, No. Civ. A. 93-526, 1993 WL 98681 at *3 (*citing London v. United States Fire Ins. Co.*, 531 F.2d 257 (5th Cir.1976)). Defendants' failure to file a timely notice of removal means that they have waived their right to remove what they contend is a federal question claim. *See Zatarain*, 1993

WL 98681 at *3 *(citing Royal v. State Farm Fire and Cas. Co.*, 685 F.2d 124 (5th Cir.1982).

Therefore, because removal was untimely, I remand this case to state court.

## IV. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Objection to Removal to Federal Court and Motion to Remand Case to the Arapahoe County District Court **(Doc. # 21)** is GRANTED. Each party shall bear their own costs and fees associated with this motion.

Dated: April  18 , 2014,  in Denver, Colorado.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE